FILED '07 FEB 08 12:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO A. GUTIERREZ,

             Petitioner,           Civil No. 03-309-TC

              v.               FINDINGS AND
                              RECOMMENDATION

JOAN PALMATEER,

             Defendants.

COFFIN, Magistrate Judge.

On December 22, 1998, petitioner assaulted his cell-mate at the Snake River Correctional Institution with a "lock in a sock." Petitioner entered a guilty plea to a charge of Attempted Assault in the Second Degree, with a stipulation of a 48 month sentence.

Petitioner's direct appeal was voluntarily dismissed on

1 - FINDINGS AND RECOMMENDATION

petitioner's motion.

Petitioner filed a Petition for Post-Conviction relief in the Marion County Circuit Court alleging one claim of ineffective assistance of counsel. The Marion County court denied relief, the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging in Ground One that his right to due process was violated because his guilty plea was not knowing and voluntary. Specifically, petitioner contends that "the prosecution for the state" and his attorney "failed to explain to the defendant all available defenses, and in specific the defense of the 'best of two evils.'"

Petitioner alleges in Ground Two that he was denied effective assistance of counsel in the following particulars. a.) "Attorney did not obtain all available information and evidence that was available that could show motive in defendant's actions towards the other inmate;" b.) "Attorneys failed to show how policy which O.D.C. had in place put defendant directly in harms way" and that such policies were subsequently changed, specifically that "Moves became available if inmates did not get along; and,

2 - FINDINGS AND RECOMMENDATION

c.) "Attorneys failed to explore and explain all available defenses to me (ie. such as the defense of 'the greater of two evils')."

Respondent now moves to dismiss on the grounds that petitioner's due process claim (Ground One) was defaulted and "the decision by the Oregon courts on the ineffective assistance of counsel claim for failing to investigate and explain the choice of evils defense (Ground two) is not contrary to, nor an unreasonable application of clearly established Supreme Court law," and lacks merit. Response (#12) p. 1.

Ground One: Petitioner's claim in his post conviction proceeding was that his trial counsel was ineffective for failing to "discuss with petitioner the defense of choice of evils." Exhibits to Answer (#14) Exhibit 112. No "due process" claim was alleged.

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

A prisoner satisfies the exhaustion requirement by "fairly" presenting his claims to the highest state court with jurisdiction to consider them. <u>Keeney</u>, 112 S.Ct. at 1720; <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. <u>Anderson v. Hareless</u>, 459 U.S. 4, 6 (1982); <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988); <u>Tamapua v. Shimoda</u>, 796 F.2d 261, 262 (9th Cir. 1986).

"When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993); <u>Sawyer v. Whitley</u>, 112 S.Ct. 2514, 2518 (1992); <u>Keeney</u>, 112 S.Ct. at 1718-19.

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." <u>Thomas v. Lewis</u>, 945 F.2d 1119,

1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986); <u>Keeney</u>, 112 S.Ct. at 1721; <u>Noltie</u>, 9 F.3d at 806.

In this case, petitioner did not present his Fourteenth Amendment due process claim to any Oregon Court and has not established any cause and prejudice for his failure to do so. Accordingly, petitioner defaulted his due process claim and it is not properly before the court in this federal habeas corpus proceeding.

<u>Ground Two:</u>  In Ground Two petitioner alleges that his trial lawyer was ineffective for failing to investigate and explain the "choice of evils" defense.

In petitioner's post-conviction proceeding, the Marion County Circuit Court found the following facts:

1.) Petitioner was adequately informed of his rights by the court during the plea hearing.

2.) Petitioner was fully aware of the sentence he was to receive as a result of the stipulated plea.

3.) Trial counsel fully and adequately advised petitioner

before entry of his plea.

4.) Trial counsel fully and completely discussed the choice of evils defense with petitioner prior to his plea. Petitioner explained that his actions against the victim were not done out of self defense. The choice of evils defense did not apply to the facts of petitioner's case.

5.) During the plea hearing, petitioner made statements that indicated his intent to harm the victim. Petitioner presented no evidence that would support his theory that he assaulted the victim because he was in fear of imminent physical attack by the victim. Exhibits to Answer (#14) Exhibit 110.

The post-conviction court made the following conclusions of law:

1.) Based on the findings of fact set forth above, in the underlying criminal proceeding resulting in petitioner's conviction, petitioner was not denied the right of assistance to counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

2.) Petitioner did not prove any of his claims by a

preponderance of the evidence.

3.)    Trail counsel exercised reasonable professional skill and judgment in his representation of petitioner. Id.

As noted above, the Court of Appeals affirmed the post-conviction decision and the Oregon Supreme Court denied review.

Respondent contends that the decision of the state courts denying relief on petitioner's ineffective assistance of counsel claim is not contrary to, nor an unreasonable application of, prior Supreme Court law and is entitled to deference under 28 U.S.C. § 2254 (d)(1).

In determining whether a state court decision warrants deference under the AEDPA, four prerequisites must be met: "[a] claim must be (1) adjudicated (2) on the merits (3) in a state court proceeding (4) that resulted in a decision." Green v. Lampert, 288 F.3d 1081, 1089 (9th Cir. 2002).

In this case, the Oregon courts adjudicated petitioner's ineffective assistance of counsel claim on the merits and denied petitioner's claim.  The post-conviction court's specific finding regarding that the choice of evils defense was discussed with petitioner is not supported by the record.

See, Response to Habeas Petition (#12) fn. 9. ["This most likely is a typographical error ... and most likely the court meant that self-defense had been explored."] However, I find that this error is immaterial in view of the factual finding that petitioner "presented no evidence that would support his theory that he assaulted the victim because he was in fear of imminent physical attack by the victim."

The choice of evils defense requires that the force be used to avoid a significant, imminent injury. ORS 161.200. "An imminent threat is one that is immediate, ready to take place, or near at hand." State v. Taylor, 123 Or. App. 343, 348 (1993).

There is no evidence in the record to support an argument that petitioner feared a significant, imminent injury from his cell-mate at the time of the attack. At the change of plea hearing, petitioner's attorney advised the court that petitioner had placed a padlock in a sock and proceeded to hit his cell-mate, fracturing his jaw and causing lacerations to the head and face. Exhibits to Answer (#14) p. 4-5. Petitioner stated in court that he and his cell-mate did not get along; they had problems, "and things happen you know,

and" he ended up hitting the victim. Id., p.   17.

Petitioner's attorney advised the court that self defense was not an option under the circumstances and petitioner agreed. Exhibits to Answer (#14) Exhibit 103, p. 4-5.

Under these circumstances, I find that the state court decisions that petitioner was not denied effective assistance of counsel is not contrary to, nor an unreasonable application of Supreme Court law, and is entitled to deference under § 2254(d)(1).

In addition, I find the state court findings and conclusion is supported by the record and that petitioner's claim that he was denied adequate assistance of counsel lacks merit.

Petitioner's defense attorney's affidavit states:

"2.   During my representation of Mr. Gutierrez, I met with him and reviewed copies of the police reports.   We discussed the facts of the case, and whether self-defense could be an option.   Mr. Gutierrez told me that what he did was not self-defense.   The choice of evils was not discussed because it was not an issue in the case. Based on Gutierrez's version of events, the defense simply would not have been

applicable.

  3.) Before Mr. Gutierrez entered his plea, I explained to him the ramification of pleading guilty, including the rights he was waiving by doing so; and the possible sentencing results. I advised Mr. Gutierrez, as it is my general practice with all clients, that the decision whether to plead guilty or not was his. I also advised him that he should plead guilty only if he was guilty of the charges. Based on our discussion, my impression was that Mr. Gutierrez knowingly and voluntarily entered his plea." Exhibits to Answer (#14) Exhibit 109 (Affidavit of Michael R. Mahoney).

  Based on all of the above I find that petitioner's attorney's failure to "explore" and advise petitioner of the choice of evils defense was not constitutionally deficient and did not constitute an error "so serious that counsel was not functioning as the 'counsel guaranteed by the Sixth Amendment.'" <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

  I further find that the failure to advance a choice of evils defense did not deprive petitioner of a "fair trial, a trial whose result is reliable." <u>Id</u>. Therefore, petitioner has failed to establish either the deficient performance or

the prejudice prong of the <u>Strickland</u> test.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this ___8___ day of February, 2007.

Thomas M. Coffin
United States Magistrate Judge